**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| EDITH TAYLOR, and GOLY YOUNG, ) | 4:11CV3153 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM |
| ) | AND ORDER |
| CITY COUNCIL OF OMAHA, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiffs filed their Complaint in this matter on September 8, 2011. (Filing No. 1.) Plaintiff Goly Young ("Young") has previously been given leave to proceed in forma pauperis. However, Plaintiff Edith Taylor failed to comply with the court's order directing her to either pay the filing fee in this matter or file a motion for leave to proceed in forma pauperis. (*See* Filing No. 4.) Therefore, Edith Taylor is dismissed as a Plaintiff from this matter and the court now conducts an initial review of Young's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.      SUMMARY OF COMPLAINT**

Young filed his Complaint in this matter on September 8, 2011, against the Omaha City Council. (Filing No. 1 at CM/ECF p. 1.) Young is a "black elderly male," and a nonprisoner, who currently resides in Omaha, Nebraska. (*Id*.; *see also* Docket Sheet.) Young's Complaint is very difficult to decipher. As best as the court can tell, Young alleges that Chapter 43 of the Omaha Code of Ordinances violates his equal protection rights. (Filing No. 1 at CM/ECF pp. 1-2.) Young seeks an injunction that prevents the Omaha City Council from implementing the ordinance. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Young alleges that Chapter 43 of the Omaha Code of Ordinances violates the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state . . . shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const.

2

amend. XIV, § 1. To establish a violation of this provision, a plaintiff must show that he "was treated differently than other persons who were in all relevant respects similarly situated." *Flowers v. City of Minneapolis*, 558 F.3d 794, 798 (8th Cir. 2009) (internal quotation omitted). Young alleges that he is a "black elderly male," but he does not identify how the Chapter 43 causes him to be treated differently than others similarly situated. (Filing No. 1 at CM/ECF pp 1-2.) In addition, Young does not specify the provision of Chapter 43 that he feels is violating his equal protection rights. Thus, Young has failed to allege sufficient facts to state a claim upon which relief may be granted.

However, on the court's own motion, Young shall have 30 days to file an amended complaint that clearly alleges a claim in accordance with this Memorandum and Order. Any amended complaint shall restate the allegations of Young's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Edith Taylor is dismissed from this matter for failing comply with the court's orders and failing to prosecute this matter diligently;

2. Young's Complaint (Filing No. 1) fails to state a claim upon which relief may be granted. However, Young shall have until **December 8, 2011**, to amend his Complaint in accordance with this Memorandum and Order. If Young fails to file an amended complaint, Young's claims against Defendant will be dismissed without further notice;

3. In the event that Young files an amended complaint, Young shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "Check for amended complaint on **December 8, 2011**;" and

3

5. Young shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 8th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4