**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **GOLY YOUNG,** | ) | **CASE NO. 4:11CV3153** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CITY COUNCIL OF OMAHA, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On November 8, 2011, the court conducted an initial review of the Complaint in this matter and concluded that it failed to state a claim upon which relief may be granted.[1] (Filing No. 7.) However, the court gave Plaintiff Goly Young ("Young") the opportunity to file an amended complaint. (*Id*. at CM/ECF pp. 3-4.) In doing so, the court warned Young that if he failed to file an amended complaint by December 8, 2011, his claims would be dismissed without further notice. (*Id*.) Young failed to file an amended complaint by the court's deadline. (*See* Docket Sheet.) Instead, Young filed a Notice of Appeal regarding the court's November 8, 2011, Memorandum and Order (Filing No. 8) and a Motion for Leave to Appeal in forma pauperis (*id*.).

The court's November 8, 2011, Memorandum and Order is not a final order, and judgment has not been entered in this matter. As set forth in 28 U.S.C. § 1292(b), an interlocutory appeal is warranted if the decision sought to be appealed involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal could materially advance the ultimate termination of this

---

[1]The court also dismissed Plaintiff Edith Taylor from this matter for failing to comply with the court's orders and failing to prosecute this matter diligently. (Filing No. 7.)

litigation. 28 U.S.C. §1292(b). The court's November 8, 2011, Memorandum and Order does not involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of this litigation. Therefore, there is no reason why Young's November 29, 2011, appeal should proceed prior to entry of a final judgment in this matter. For these reasons, Young is not entitled to proceed IFP on his November 29, 2011, Notice of Appeal, and his appeal is dismissed. However, this dismissal shall not preclude Young from appealing this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because Young failed to prosecute this matter diligently and failed to comply with this court's orders;

2. Young's Motion for Leave to Appeal in forma pauperis (Filing No. 8) is denied;

3. Young is not entitled to proceed IFP on his November 29, 2011, Notice of Appeal, and that appeal is dismissed. However, this dismissal shall not preclude Young from appealing this Memorandum and Order; and

4. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 22nd day of December, 2011.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.